**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **REGIONS OUTDOOR ADVERTISING, LLC** | **CASE NO.  6:24-CV-01154** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **CITY OF NEW IBERIA, ET AL.** | **MAGISTRATE JUDGE DAVID J. AYO** |

## RULING

The present matter before the Court is a Motion for Summary Judgment [ECF No. 14] filed by Defendants, the City of New Iberia and the New Iberia Permit and Inspection Department (collectively, "New Iberia"). After considering the parties' arguments, the summary judgment record, and the relevant authorities, the Court rules as follows.

### I.
### BACKGROUND

The present case involves a dispute over a building permit decision by the Permit and Inspection Department of the City of New Iberia (the "Department"). Plaintiff Regions Outdoor Advertising, L.L.C. ("Regions") installs and operates electronic billboard signs.[1] On April 13, 2023, Regions filed a permit application with the Department to construct an electronic billboard sign in New Iberia, Louisiana.[2] When Regions received no response to its application by April 20, 2023, it contacted New Iberia's building inspector, James Landry.[3] Landry informed Regions that it must submit a "no rise" certificate from a professional engineer to complete its application but, according to Regions, Landry made no mention of any requirement for a "hydraulic or hydrologic" analysis.[4] Regions alleges that it consulted with a professional engineer who indicated no

---

[1] ECF No. 1-1 at 4.
[2] *Id.*
[3] *Id.*
[4] *Id.* at 5.

knowledge of any such requirement to construct an electronic billboard.[5]  On April 26, 2023, Regions met with Landry and a representative from the Federal Emergency Management Agency ("FEMA").[6] According to Regions, Landry advised that "the sign post being 36 inches in diameter, and located in a floodway, a no-rise certificate would be required."[7] The FEMA representative present at the meeting also stated that "if the pole is 36 inches or larger, and located in a floodway, that FEMA would require a no-rise certificate in addition to having hydraulic and hydrologic analyses completed."[8] When pressed on what size pole would avoid having to complete a hydraulic and hydrologic analysis, Regions alleges that the FEMA representative stated that it was "up to the city inspector's discretion." [9]

Based on its conversations with Landry and the FEMA representative, Regions reduced the size of the pole for its intended billboard sign to 30 inches and began construction of the billboard sign on May 19, 2023.[10] At that time, Regions had not received a building permit for the sign.[11] On the same day, Landry delivered a "cease and desist letter" to Regions demanding that Regions cease construction of the billboard sign.[12] Regions alleges that Landry's actions reflect "decades old persecution" by Landry against Robert Jordan, the sole member of Regions.[13] According to Regions, "Landry has routinely over the course of many years selectively enforced and incorrectly interpreted building codes and ordinances, and unlawfully placed stop work orders on job sites for organizations owned or related to Jordan."[14]

---

[5] *Id.* at 5.
[6] *Id.*
[7] *Id.*; *see also* ECF No. 22-2 at 2.
[8] ECF No. 1-1 at 5; *see also* ECF No. 22-2 at 2
[9] ECF No. 22-2 at 2.
[10] ECF No. 1-1 at 5-6; *see also* ECF No. 22-2 at 3.
[11] ECF No. 22-2 at 3.
[12] ECF No. 1-1 at 6.
[13] *Id.*
[14] *Id.*

Regions filed the present action in the 16th Judicial District Court, Iberia Parish, Louisiana. New Iberia then removed this action to federal court on the grounds that the state court petition alleged federal claims, and the Court thus had jurisdiction under 28 U.S.C. §§ 1331 and 1343.[15] Plaintiff's complaint appears to allege claims under Louisiana and federal law. Specifically, the complaint alleges six "counts":

(1) "Vagueness"

(2) "Equal Protection under the Law"

(3) "Selective Enforcement and Interpretation"

(4) "Property Rights"

(5) "Error. Arbitrariness. Capriciousness and Abuse of Discretion," and

(6) "Damages."[16]

Regions alleges violations of the Louisiana Constitution, as well as the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Regions also appears to allege a regulatory takings claim under the Fifth Amendment, as incorporated against the States through the Fourteenth Amendment.[17]

## II.
### THE SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."[18] District courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] "A genuine issue of material fact exists

---

[15] ECF No. 1.
[16] ECF No. 1-1 at 7-11.
[17] *Id.* at 10-11.
[18] FED. R. CIV. P. 56(a).
[19] *Id.*

when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[20]

As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[21]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[22] "Credibility determinations are not part of the summary judgment analysis."[23] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[24] Further, if the court provides notice and a reasonable time to respond, it may: "(1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."[25]

---

[20] *Quality Infusion Care, Inc. v. Health Care Serv. Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).

[21] *Lindsey v. Sears Roebuck and Co.,* 16 F.3d 616, 618 (5th Cir. 1994) (citations omitted).

[22] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001); *see also Feist v. Louisiana, Dept. of Justice, Off. of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013).

[23] *Quorum Health Res., L.L.C. v. Maverick Cnty. Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).

[24] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

[25] FED. R. CIV. P. 56(f).

## III.
### DISCUSSION

### A. The New Iberia Permit and Inspection Department.

New Iberia has not formally moved for summary judgment with respect to the claims against the Department on the grounds of legal capacity. However, in footnote 1 of its memorandum in support of the motion for summary judgment, New Iberia states that the Department "is not a juridical entity capable of being sued, and therefore should not be named in this lawsuit." [26] New Iberia further requests, in the footnote, that the Court take judicial notice of the Department's lack of capacity to sue or be sued.[27] Rule 17 of the Federal Rules of Civil Procedure provides that "[c]apacity to sue or be sued shall be determined . . . by the law of the state where the court is located."[28] Under Louisiana law, an entity must qualify as a juridical person to possess the capacity to be sued.[29] A person may be either natural or juridical. "A natural person is a human being," and a "juridical person is an entity to which the law attributes personality, such as a corporation or partnership."[30] In *Roberts v. Sewerage & Water Board of New Orleans*, the Louisiana Supreme Court explained that "a local government unit may be deemed to be a juridical person separate and distinct from other government entities[] when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity."[31] Thus, where there is no constitutional or statutory authority for the entity to sue or be sued, that entity is without capacity under the *Roberts* analysis.[32]

---

[26] ECF No. 14-2 at 1.

[27] *Id.*

[28] FED. R. CIV. P. 17(b)(3).

[29] *McLin v. Twenty-First Judicial Dist.*, 79 F.4th 411, 416 (5th Cir. 2023) (citing LA. CIV. CODE art. 24).

[30] LA. CIV. CODE art. 24.

[31] 634 So. 2d 341, 347 (La. 1994).

[32] *City Council of Lafayette v. Bowen*, 649 So.2d 611, 613–616 (La. App. 3rd Cir.1994), *writ denied*, 650 So.2d 244 (La.1995).

Here, the brief reference in a footnote to the question of capacity and an invitation to take judicial notice does not support summary judgment dismissing the claims against the Department, especially when this relief was not explicitly requested. The summary judgment record and briefs do not include the arguments, authorities, or evidence required to conduct the Louisiana Supreme Court's *Roberts* analysis. Accordingly, to the extent that New Iberia is requesting summary judgment dismissing the Department, the request is denied.

## B. Discretionary Function Doctrine.

New Iberia next argues that it is immune from suit with respect to Regions' state law claims under the "discretionary function doctrine." Louisiana statutory law provides that "[l]iability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their *policymaking or discretionary acts* when such acts are within the course and scope of their lawful powers and duties."[33] This provision thus provides that governmental decisionmakers exercising discretionary functions are immune from suit so as to avoid the chilling effect of imposing tort liability for discretionary decisions.[34] Louisiana courts generally apply a two-step test to determine whether the discretionary function exception applies. First, if a statute, regulation or policy prescribes a particular course of action and there is no choice or discretion involved, the defense does not apply.[35] However, when the act of a government employee involves an element of choice, the employee is protected by the discretionary acts defense if that choice is grounded in social, economic or political policy.[36] Louisiana law creates an exception to this immunity by providing that it does not apply "[t]o acts

---

[33] LA. REV. STAT. § 9:2798.1(B) (emphasis added).

[34] *Hardy v. Bowie*, 744 So.2d 606, 613 (La. 1999); *Hanson v. Steven Caruso, Willow Creek, L.L.C.*, 182 So.3d 1187, 1191 (La. App. 5 Cir. 12/23/15), *writ denied* 190 So.3d 1196 (La. 3/24/16).

[35] *Simeon v. Doe*, 618 So.2d 848, 852–853 (La.1993); *Lambert v. Riverboat Gaming Enf't Div.*, 706 So.2d 172, 177–178, *writ denied*, 715 So.2d 1221 (La. 1998).

[36] *Id.*

or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct."[37] But "[o]nly the most egregious conduct by parish agents, employees, or representatives that exhibits active desire to cause harm, or a callous indifference to the risk of potential harm from flagrantly bad conduct, will rise to the level of 'willful misconduct' or 'criminal, willful, outrageous, reckless, or flagrant misconduct.'"[38]

Here, New Iberia argues that the relevant ordinances and statutes do not mandate or prescribe any particular course of action with respect to granting or denying a building permit in this particular case. In short, it argues Landry could exercise discretion in deciding whether or not to grant Regions' application. The Court agrees. Louisiana courts have held that zoning enforcement decisions—including decisions on building permit applications—are discretionary acts subject to immunity from suit.[39] Moreover, although Regions' argues in conclusory fashion that Landry engaged in "decades old persecution" of Regions' sole member, its evidence appears to show merely that Landry rejected Regions' building applications on a number of projects. This evidence, read in the light most favorable to Regions, does not rise to "the most egregious conduct . . . that exhibits active desire to cause harm, or callous indifference to risk of potential harm from flagrantly bad conduct."[40] In sum, New Iberia is immune from suit with respect to the state law claims asserted against it. These claims are dismissed.

---

[37] LA. REV. STAT. § 9:2798.1(C)(2).

[38] *Falcon v. Par. of Jefferson*, 424 So.3d 1163, 1173 (La. App. 5 Cir. 11/19/25) (quoting *Mariana v. Magnolia Auto Transp., LLC*, 341 So.3d 1281, 1291 (La. App. 5 Cir. 5/26/22)).

[39] *Markiewicz v. Sun Constr., L.L.C.*, 328 So.3d 487, 495–98 (La. App. 1 Cir. 6/22/21), *writ granted, cause remanded*, 328 So. 3d 66 (La. 2021); *see also Inv. Mgmt. Servs., Inc. v. Vill. of Folsom*, 808 So.2d 597 (La. App. 1 Cir. 5/11/01) (finding Village of Folsom's decision to deny the issuance of a building permit to subdivision developer because subdivision developer provided an invalid re-subdivision plot was discretionary act for which Village of Folsom was entitled immunity); *Rosehill Constr., LLC v. Ted Hebert, LLC*, 356 So.3d 1115 (La. App. 1 Cir. 11/28/22) (finding decision by East Baton Rouge Parish's engineer on how to perform inspections of public sewer pipelines was a discretionary act such that the parish was entitled to immunity); *GBT Realty Corp. v. City of Shreveport*, 180 So.3d 458 (La. App. 2 Cir. 9/30/15) (finding City of Shreveport's decision to deny property developer's site plan to build a thrift store was a discretionary act for which the city was entitled to discretionary immunity).

[40] *Falcon* at 1173.

**C. Federal Constitutional Claims**.

As noted above, Regions' complaint can be fairly read to assert a number of federal constitutional claims. Indeed, New Iberia removed the case to federal court on the basis of federal question jurisdiction. New Iberia's memorandum in support of its motion for summary judgment requests that *all* of Regions' claims be dismissed. However, neither the motion nor the memorandum states the grounds for dismissing the federal claims. The sole focus of the memorandum is New Iberia's state law defenses, which are only applicable to the state law claims. Accordingly, to the extent that New Iberia's motion for summary judgment seeks to dismiss Regions' federal claims, the motion is denied.

## IV.
### CONCLUSION

For the reasons stated above, New Iberia's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED with respect to Regions' state law claims, and those claims are dismissed. The motion is DENIED to the extent it seeks dismissal of the New Iberia Permit and Inspection Department and to the extent it seeks dismissal of Regions' federal law claims.

THUS DONE in Chambers on this 9th day of March, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE